IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GARON WILLIAM LEITZKE,

                              Plaintiff,                         OPINION and ORDER

   v.

                                                                 20-cv-850-jdp
DR. ERIC NESS,

                              Defendant.

Plaintiff Garon William Leitzke, appearing pro se, is a civil detainee at Sand Ridge Secure Treatment Center, in Mauston, Wisconsin. Leitzke alleges that defendant Dr. Eric Ness prescribed him a medication that caused him sexual side effects. He seeks leave to proceed in forma pauperis with his case, and he has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Leitzke's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the case because Leitzke fails to state a claim that can be heard by this federal court.

Leitzke alleges that in November 2019, a non-defendant doctor at UW Hospital prescribed him medication to help him empty his bladder, but that it gave him sexual side effects that made him stop using it. A few weeks later, he saw defendant Dr. Eric Ness about

the problem with the medication. (It's unclear whether Ness worked for UW Hospital, Sand Ridge, or another provider.) Leitzke told Ness about the side effects from the medication, and Ness prescribed him a different but similar medication that Leitzke says also caused him sexual side effects. I take Leitzke to be saying that even after he stopped taking the new medication, he has continued to suffer from those side effects.

The problem for Leitzke is that this federal court cannot hear every type of case that a plaintiff might wish to bring. *See Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the party invoking federal jurisdiction raises a federal question or establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802–03.

Leitzke doesn't state a claim under federal law. As a civilly committed detainee, his claim is analyzed under the Fourteenth Amendment's Due Process Clause. *Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008); *Bevan v. Rustad*, 2020 WL 777894, at *1 (W.D. Wis. Feb. 18, 2020). A medical provider acting under state law violates the Fourteenth Amendment if that individual's actions are "objectively unreasonable." *Miranda v. Cty. of Lake*, 900 F.3d 335, 352–53 (7th Cir. 2018); *see also Kingsley v. Hendrickson*, 576 U.S. 389 (2015). To state a claim that defendants violated his Fourteenth Amendment right to adequate medical care, Leitzke must allege facts suggesting that (1) he suffered from an objectively serious medical condition; and

(2) Ness's response to it was objectively unreasonable. *Miranda*, 900 F.3d at 352–53. A showing of negligence or even gross negligence is not sufficient to state a claim under this standard. *Id.* at 353.

Leitzke alleges that Ness prescribed him a new medication that has caused him sexual side effects even after he stopped taking it. It's unclear whether defendant Ness was acting under color of state law when he prescribed Leitzke the medication, but even if he was, Leitzke at most establishes that Ness was negligent in prescribing this medication. This could be the subject of a state-law medical malpractice claim, but not a constitutional claim.

Leitzke also fails to establish that this court could exercise diversity jurisdiction over the medical malpractice claim: he does not allege that he and Ness are citizens of different states and nothing in the complaint suggests that they are. Because the only claim that Leitzke may be able to bring in this case is not one that this court can consider, I will dismiss the case for lack of jurisdiction. Leitzke has also filed a motion for the court's assistance in recruiting him counsel, which I will deny as moot because I am dismissing the case.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED. The clerk of court is directed to enter judgment for defendant and close the case.

2. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 5, is DENIED as moot.

Entered October 7, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge